IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GOVERNMENT EMPLOYEES         :
 INSURANCE COMPANY           :
     v.                      : Civil Action No. DKC 2006-0490
                             :
DANIEL TRAPP, JR., ET AL     :

**MEMORANDUM OPINION**

After filing a motion to dismiss for lack of personal jurisdiction, the defendants moved to withdraw that motion and they filed answers. Jetbar, Inc. sought, however, to have the withdrawal of the motion be granted without prejudice to its right to raise the issue of personal jurisdiction later. Plaintiff did not oppose the withdrawal of the motion to dismiss, but objected to Jetbar's withdrawal being without prejudice. Both defendants have now filed consents to the exercise of personal jurisdiction over them.

The filing of a motion to dismiss, followed by withdrawal of the defense of lack of personal jurisdiction from the motion, consent to the exercise of personal jurisdiction, and the filing of an answer, are inconsistent with any reservation of a right to raise a personal jurisdiction issue later, even when the answer pleads the defense of lack of personal jurisdiction.

It is true that:

> The requirement that a court have personal jurisdiction is grounded in the Due Process Clause. *Insurance Corp. of Ireland v.*

> *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). As with other due process rights, this requirement is subject to waiver. *Id.*, 456 U.S. at 703, 102 S.Ct. 2099. Thus, a defendant may consent to a court's exercise of jurisdiction either implicitly or explicitly, and "[a] variety of legal arrangements have been taken to represent" this consent. *Id.* For example, "when a defendant appears and challenges jurisdiction, it agrees to be bound by the court's determination on the jurisdictional issue." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2nd Cir. 1998).

*Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002). Moreover, Fed.R.Civ.P. 12 (h) provides that a defense of lack of personal jurisdiction is waived if omitted from a motion actually made under Rule 12. Although the Rule 12 motion here contained only an objection based on personal jurisdiction, the principle applies. Jetbar obviously knew of the defense, filed a motion, and then sought to withdraw the motion and consent to jurisdiction. As both defendants appear to recognize, consent to personal jurisdiction simply can't be temporary under the circumstances. Thus, the consents are accepted and the motions to dismiss will be denied as moot.

                                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge